The Chancellor.
Among the numerous cases cited by the complainants’ counsel, I cannot find that any one of them is an authority for a bill like this.
The bill is filed by the widow and an infant daughter of William It. Harrison, deceased. William It. Harrison, and Charles A. Righter, one of the defendants, were partners. The bill is filed against Frederick W. Cook, the administrator of the deceased partner, and Charles A. Righter, the surviving partner. Its only object, in re-reference to the partneship is to obtain a settlement between the administrator of the deceased partner and the surviving partner. The prayer is, that an account may be taken of the copartnership dealings; of the value of the assets of the partnership at the death of Harrison; that an account may be taken of the rents and profits of a mill and real estate, in the bill mentioned, from the death of Harrison until the first of March, 1853; that the said surviving partner may be decreed to pay the partnership debts, as far as there are assets for the purpose; and if any balance shall be found due to the estate of said Harrison, after payment of debts, to pay the same to the said administrator, Frederick W. Cook, — and finally, that in case the said Righter shall not forthwith apply the said partnership assets to the payment of the joint debts of the late partnership, that he may be decreed to indemnify the complainants and the estate of the said Harrison from the payment of such amount of the joint debts of the said late firm as shall be equal to the amount of the partnership property and assets which have been received by said Righter. The bill further prays that the said Righter may be decreed to pay to the complainants the proportion due them of the rents, issues, and profits of the mill, received by said Righter, from the death of said Harrison until the first day of March, 1853.
*391 It will be observed that this bill is not filed by tbe complainants, as tbe next of kin of the intestate, for the purpose of recovering their distributive shares of the estate. They ask no account from the administrator, nor that their interest in the estate may be ascertained and paid to them. The only object of the bill is to compel the surviving partner to settle the partnership accounts with the administrator of the deceased partner, and to account to the complainants for the rents of a certain mill, which, the bill shows, was conveyed to Harrison and Righter, as tenants in common, and which rents have been received by Righter since his partner’s death. The question is presented, whether one, who is next of kin, or a legatee, or creditor, can file a bill against the surviving partner of a testator, or intestate, for the sole purpose of compelling him to account and settle, with the personal representative of the deceased partner, the partnership accounts ? The question, whether a surviving partner of a deceased partner is a proper party to a bill filed by the next of kin, or a creditor of the decedent, for the recovery of his distributive share or debt — is a very different question from that presented by this bill. In such a case, the relief which the complainant seeks is his share of the estate, or payment of his debt; and he makes the surviving partner a party, in order, as was said by Lord Hardwick, in Newland v. Champion, 1 Ves. 195, that he may have an account of the personal estate entire. The contested question has been, whether, in a suit brought by a creditor against the personal representative of the deceased, a debtor of the deceased could be made a party to the suit? Lord Hardwick, in Newland v. Champion, lays down the rule to be, that the creditor of the testator, or intestate, need not make anybody but the personal representative a party; and states the exception — -if there are any persons who have possessed the estate, or any debtors of the deceased, and any collusion between them and the representative, they may in equity, though not at law, follow the assets. *392 and make them parties, and demand an account against them. But, he says, this is not to be done unless there is some proof of collusion. He further states, that he considers the case of a partnership to be an exception to the general rule. In the case of Bowsher v. Watkins, 1 Russell & Mylne 277, it was decided, that residuary legatees may sustain a bill for an account against the executor and the surviving partner of the testator, though collusion between the executor and the surviving partner is neither charged nor proved. But in Davies v. Davies, 2 Keene 536, Lord Langdale said, that there were special circumstances which induced Sir John Leach to come to the conclusion he did in the case of Bowsher v. Watkins, and that the decision was far from establishing the general proposition, that in every case, a bill might be filed against an executor and surviving partner of the testator without charging or proving fraud or collusion. Lord Brougham, in Holland v. Prior, 1 Mylne & Keene 237, cites the case of Bowsher v. Watkins with his approval. The rule may be stated to be — that in suits by a legatee, next of kin or creditor, against an executor or administrator, a debtor of the deceased is a proper party where a special case is made showing that there is, in the particular case, a propriety in departing from the general rule, in order to afford the complainant adequate relief; and that where there are unsettled accounts with a surviving partner of the deceased, it is a special case, and an exception to the general rule, and such partner is a proper party, in order to take an account of the personal estate entire.
But what is the object of making the surviving partner a party ? It is not simply for the purpose of effecting a settlement between the personal representative and the surviving partner. The primary object of such a bill is to give the complainant relief. If a creditor of the estate, the object of his suit is to recover his debt. If he is one of the uext of kin, or a legatee, he sues to recover his legacy, or distributive share of the estate. He makes the *393 surviving partner a party, in order that the assets of the estate may be ascertained and settled, out of which his debt, share, or legacy is to be paid. No such relief is asked by the present bill. The complainants ask for no decree in their favor, except in reference to the rents and profits of the mill, which I will notice hereafter. The complainants are entitled, each, to one half of the intestate’s estate after payment of debts. They had a right to bring their bill against the administrator and surviving partner for the purpose of a settlement of the estate, in order that they might obtain their distributive share. In that view, alone, they can maintain a bill against these defendants. But such is not the object of the bill, and such relief cannot be obtained upon it. The complainants ask for no account of the estate. They are entitled to none upon this bill.
It is a mistake to suppose that any of the cases cited give any support to a bill of this character. From the statement of the ease of Newland v. Champion, 1 Ves. 106, case 64, it is reported as if the bill by the creditor was against the surviving partner alone. But the opinion of the Lord Chancellor shows clearly that the bill was against Newland’s estate for the recovery of the debt, and that the surviving partner was made a party to the suit, for the purpose of placing the effects of the debtor in the hands of the representative of Newland, in order that out of the assets of the estate the creditor might obtain payment of his debt. If a creditor, or legatee, of a deceased partner could maintain a bill against the surviving partner alone, or if a bill like this could be maintained whose object is not that the complainants, as next of kin, may recover their distributive share of the intestate’s estate, but merely to compel the surviving partner to settle with the administrator of the intestate, the vexed question never could have arisen, as to whether the surviving partner was a proper party to a suit against the personal representative of the deceased partner. Debts and legacies can be reco *394 vered only from the personal representative : through him the assets of the deceased must be reached.
In the aspect of the case to which I have referred, this bill cannot be maintained.
But there is a prayer, that the surviving partner account to the complainants for the rents and profits of the mill, from the decease of the intestate up to the first day of March, 1853, during which period Righter had been in the receipt of the rents and profits. .On behalf of the defendants, it is insisted that, in this view, the bill is multifarious ; that while the bill is framed against the executor and the other defendant, in view of the rights of the complainants, as next of kin, the rents of the real estate, after the death of the intestate, belong to the heirs at law, and that the complainants cannot claim, in the same bill, in one capacity against both defendants, and in another capacity against one defendant only. This is undoubtedly correct. As next of kin, the complainants can maintain their bill forthe settlement of the personal estate, and for this purpose the administrator is a necessary party. Their right to recover the rents and profits of the real estate is in a different capacity, and in this aspect of the bill the administrator is not a proper party.
To this objection it is answered, that the mill is partnership property, and that, being such, a court of equity will treat it, forthe purpose of settling up the partnership, as personal property. It is true, if this is partnership property, and was purchased with the partnership funds for the business of the partnership, a court of equity will treat it as partnership stock, and will appropriate it towards the payment of the partnership debts, although it may have been conveyed to the individuals of the firm, so as to make them tenants in common. Dyer v. Clark, 5 Met. 562; Howard and others v. Priest and another, 5 Met. 582; Hoxie v. Carr et al., 1 Sumner 174.
It is quite evident that this bill was not filed with the intention of treating the mill as partnership property. *395 This question must be settled by the pleadings. The complainants cannot make a claim inconsistent with their bill. The bill prays that Righter may settle the partnership accounts with his co-defendant, the administrator, and that he may be decreed to pay the rents and profits of the mill to the complainants. This was certainly in contemplation, that the personal estate was to be settled with the personal representative of the intestate, and matters appertaining to the real estate with the complainants, who were entitled to it in a different capacity. The whole frame of the bill is with this view. The bill show's that the mill was conveyed to Harrison and Righter by a conveyance, as tenants in common, before they entered into partnership. There is no allegation that the character of the conveyance was changed by any subsequent agreement, or that the mill was considered or treated as partnership property. Indeed there is nothing in the bill to show, or to lead to the supposition, that the mill property was held by Harrison and Righter in any other way, or for any other purpose, than is indicated upon the face of the conveyance.
I am of opinion that this bill cannot be maintained, and that it must be dismissed. As to the costs, I think each party should pay his own costs. The defendants are themselves responsible for the unnecessary costs that have been made. The bill w'as defective, and should have been demurred to. The defendants not only submitted to answer the bill, but they agreed that an interlocutory decree should betaken against them, and that the questions upon the right of the complainants to maintain the suit should be taken at the hearing. The costs have, therefore, been mostly made with their consent. The evidence shows a want of diligence in the administrator in not settling the estate of his intestate, and great default in both the administrator and the surviving partner in not settling the partnership concerns. A faithful discharge of their duties would have avoided the necessity of this suit, and al *396 though, the complainants have not adopted the proper mode of redress, they certainly had just cause of complaint against the defendants for their default and negligence.